## BATESVILLE FUNERAL HOME, INC. et al *v.* ORVILLE LEE BARNETT

5-5239                                    452 S. W. 2d 656

### Opinion delivered April 13, 1970

*Griffin Smith,* for appellants.

*McMath, Leatherman, Woods & Youngdahl,* for appellee.

GEORGE ROSE SMITH, Justice. In this action for personal injuries the appellee obtained a verdict and judgment for $38,500, the defendants' liability being admitted. The only issue here is whether the award is excessive.

Barnett suffered severe neck and back injuries on August 28, 1968, when his car was struck from behind by a vehicle owned by the appellant Batesville Funeral Home and being driven by its employee, the other appellant. For a few months Barnett was able to continue his work as a security officer or watchman, but eventually he was forced to give up his employment, which required him to walk extensively and to climb stairs. At the trial Barnett testified that he was unable to work: "I couldn't work if my life depended on it."

That testimony was corroborated by Dr. Williams, who stated that Barnett cannot do extensive walking or climbing, that the patient is not going to get any better, and that normally he will get progressively worse. It is enough for us to say, without detailing the proof, that there is substantial evidence from which the jury could have found that as a result of the accident Barnett is totally and permanently disabled.

Before Barnett was injured he had been earning $319 a month, or $3,828 a year. By the date of trial he had lost some seven months' work, amounting to more than $2,000. It was stipulated that his life expectancy was 15 years, which would represent total future earnings of $57,420. In *Strahan* v. *Webb*, 231 Ark. 426, 330 S. W. 2d 291 (1959), we used a 5 percent interest factor in reducing the plaintiffs' loss to its present value. Such a calculation, according to the table given at page 332 of the American Jurisprudence (2d) Desk Book (1962), would fix the present value of Barnett's loss at $39,734.64. Even with a 6 percent interest factor the same table would fix the present value of the loss at $37,177.53. The verdict, it will be remembered, was for $38,500.

It is conceded that Barnett's injuries aggravated a disc condition that had not previously given him any trouble. In view of that fact the appellants make this argument: "Reality does not permit the substantial likelihood that a 61-year-old man suffering from degenerative disc disease at the time of an injury would complete his life expectancy in good health and with earning capacity unimpaired." We appreciate the logical force of that reasoning, but in the absence of any proof touching upon the extent to which the plaintiff's life expectancy might have been affected by his pre-existing condition, such an argument properly addresses itself to the jury rather than to this court. Moreover, the court gave without objection AMI 2203, which permitted the jury to consider the full extent of Barnett's injuries even though his existing condition might have been aggravated thereby. We have no basis for saying

that the jury should have awarded a smaller amount than the figure to be reached by a conscientious adherence to the court's instructions.

Finally, by no means does the verdict depend solely upon Barnett's loss of future earnings or earning capacity. We have mentioned his loss of $2,000 as a result of his having been out of work before the trial. In addition, his medical expenses before the trial amounted to $948.89. We need not narrate his testimony about his pain and suffering, except to say that it was substantial. Before the trial Barnett had received 45 therapy treatments, including traction, and was expected to need additional treatment in the future. On the record as a whole, it will be seen that we cannot declare the award to be excessive without infringing upon the jury's exclusive right to weigh the evidence.

Affirmed.